UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN WALTON,<br><br>Plaintiff,<br><br>vs.<br><br>GE HEALTHCARE INC.; GE HEALTHCARE AS; GENERAL ELECTRIC COMPANY; McKESSON CORPORATION; McKESSON MEDICAL SURGICAL, INC.; MERRY X-RAY CHEMICAL CORPORATION; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No:  3:17-cv-06291-JD<br><br>[PROPOSED] TRANSFER ORDER |

**ORDER OF TRANSFER**

This matter is before the Court pursuant to the Parties' Stipulation (the "Stipulation," filed March 22, 2018) agreeing that this case should be transferred to the United States District Court for the District of Oregon. The Court's jurisdiction is based solely on diversity of citizenship under 28 U.S.C. § 1332.  For the reasons that follow, the Court finds that transfer of the case to the United States District Court for the District of Oregon is appropriate under 28 U.S.C. § 1406(a).

**BACKGROUND**

Plaintiff, a resident of Pendleton, Oregon, filed the Complaint on October 31, 2017, alleging product liability claims of strict liability, negligence, fraud, fraudulent concealment, suppression or omission of material facts, and negligent misrepresentation against Defendants as well as additional codefendants. To date, the Court has made no substantive findings or rulings.

The Court held a Case Management Conference on March 1, 2018 at 10:00 a.m.  At the Case Management Conference Plaintiff proposed that all related actions, other than the *Young* and *Geisse* cases, should be transferred to the district in which Plaintiff resides and/or where Plaintiff allegedly was administered the product at issue.

The Parties have stipulated to transfer venue in this case pursuant to 28 USC §1406(a) and request an order from this Court transferring this action to the United States District Court for the District of Oregon, the district in which Plaintiff has stipulated that she was allegedly administered

the product at issue. *See* the Stipulation.

## LEGAL ANALYSIS

28 USC § 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "The language of [28 U.S.C.] § 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  When venue is improper and transfer under § 1406(a) is deemed appropriate, a court need not reach the question of personal jurisdiction.  *See Holmes v. Barker,* 2008 WL 5101825 at *2 (D. Ariz. 2008) (finding issue of personal jurisdiction moot when transfer ordered via § 1406(a)).

The transfer analysis is relatively straightforward.  Here, the Parties, via the Stipulation, have agreed that venue is improper in the Northern District of California.  Accordingly, the Court need not reach any questions related to personal jurisdiction, service of process, choice of law, or any other matter to properly transfer this case.

## CONCLUSION

For the foregoing reasons, the Court finds that transfer of the case to the United States District Court for the District of Oregon under 28 USC § 1406(a) is appropriate.

**ACCORDINGLY, IT IS ORDERED**

1. The Court **GRANTS** the Parties' proposed Stipulation to transfer this case to the United States District Court for the District of Oregon pursuant to 28 USC §1406(a).
2. The Clerk of the Court is directed to TRANSFER this case to the United States District Court for the District of Oregon.

DATED: April 6, 2018



THE HONORABLE [illegible]
UNITED STATES DISTRICT [illegible]